UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEITH  HAYWOOD,

                    Plaintiff,

          -against-                                              9:01-CV-00225
                                                                    (LEK/DEP)

J. WOODS, *et al.*,

                    Defendants.

_____

## DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on May 3,

2007 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. §

636(b) and L.R. 72.3(c) of the Northern District of New York.  Report-Rec. (Dkt. No. 59).  After ten

days from the service thereof, the Clerk has sent the entire file to the undersigned, including the

objections by Plaintiff Keith Haywood, which were filed on May 21, 2007.  Objections (Dkt. No.

61).

It is the duty of this Court to "make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §

636(b).  "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  Id.  This Court has considered the objections and

has undertaken a de novo review of the record and has determined that the Report-Recommendation

should be approved for the reasons stated herein.

Plaintiff Keith Haywood ("Plaintiff" or "Haywood"), in his objections to the Report-

Recommendation, alleges that his informal complaints should suffice to defeat the defense that he did not exhaust his remedies under the Prisoners Litigation Reform Act ("PLRA"). See Objections (Dkt. No. 61); 42 U.S.C. § 1997(e).  In his amended Complaint, Plaintiff seems to allege that he exhausted the possible administrative remedies either through the filing of a formal grievance on a separate matter then the one at bar, or based on the informal grievance filed by his former co-plaintiff.  Amended Complaint (Dkt. No. 7) at ¶¶ 22-23, 29-32;  See Affidavit of Rita Viglucci (Dkt. No. 37) at 20-34.  Plaintiff filed a formal complaint concerning an unrelated matter; that complaint was rectified satisfactorily by the grievance process and the causes of action arising from it have previously been dismissed by this Court.  See Order (Dkt. No. 45).  Former co-plaintiff Troy Todman filed informal grievances, but did not object to the original order of this Court and is no longer part of this case.  Amended Complaint (Dkt. No. 7).

Plaintiff's alleged grievances do not meet the standard set under the PLRA.  See Porter v. Nussle, 534 U.S. 516, 524-32 (2002).  The United States Supreme Court has ruled that exhaustion of administrative remedies is a mandatory requirement of the PLRA.  Id.  Further, the Supreme Court has held that a prisoner must complete the administrative process, not just delay until the procedures available provide them no remedy.  Woodford v. Ngo, 126 S.Ct. 2378, 2383-87 (2006).  Here, Plaintiff Haywood has not filed a formal or informal grievance concerning the issue at bar.  See Amended Complaint (Dkt. No. 7); Affidavit of Rita Viglucci (Dkt. No. 37) at 20-34.  Moreover, there is no authority that would allow Plaintiff to satisfy the requirement through either his grievance related to another matter or Todman's informal one.  Haywood has not exhausted his remedies since he did not employ any of the procedures available to him at the time of the incident.

Nevertheless, the Court is allowed to weigh special circumstances to determine

whether it was reasonable for the prisoner to not have exhausted his administrative remedies.  Giano

v. Goord, 380 F.3d 670, 676-80 (2d Cir. 2004).  Plaintiff asserts two contradicting arguments for

special circumstances: (1) that the law on grievance processes at the time of the incident was clear

and that his actions comport with them; and (2) that the regulations in place at the time were

confusing and ambiguous and resulted in the mistakes he made in complying with the grievence

process.  See Objections (Dkt. No. 61).  In Giano, the Second Circuit found special circumstances

when the prisoner read the regulations in a reasonable manner that happened to be incorrect,  which

prevented him from exhausting his remedies correctly.  Here there is no is indication that Plaintiff's

failure to exhaust administrative remedies was a reasonable mistake.  It could not be reasonable for

Plaintiff to believe that he did not have to file a grievance of any kind on the matter.  The only

grievance alleged on the matter at bar was the informal grievance by Todman, but there is no

indication that the grievance was answered or even examined.  See Amended Complaint (Dkt. No.

7); Affidavit of Rita Viglucci (Dkt. No. 37) at 20-34.  Plaintiff alleges no response to the informal

grievance and has no evidence supporting that it was answered.  Amended Complaint (Dkt. No. 7).

For this reason Plaintiff cannot have reasonably determined that the informal grievance was decided

and that the process exhausted and, therefore, does not have a valid argument for special

circumstances.

The defense must alleged failure to exhaust administrative remedies as an affirmative

defense to preserve its use.  Jones v. Bock, 127 S.Ct. 910, 919-24 (2007).  Plaintiff alleges that

Defendants waived their right to assert an exhaustion defense.  Objections (Dkt. No. 61).  The

Defendants included it in their answer as a defense, thus preserving it under the Supreme Courts

holding in Jones.  See Answer (Dkt. No. 15) at ¶ 16.  Accordingly, Defendants did not waive the

affirmative defense of failure to exhaust administrative remedies.  For all the above reasons and the

reasons laid out in the Report-Recommendation (Dkt. No. 59), the Court finds Plaintiff did not

exhaust his administrative remedies and, as a consequence, is procedurally barred from proceeding

with this case.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 59) is **APPROVED** and

**ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that the remaining portion of Defendants' Motion for summary judgment (Dkt.

No. 36-1), related to Plaintiff's failure to protect claims against Defendants Woods, Miller and

Shepler, is **GRANTED**, and that the remaining portions of Plaintiff's Complaint which survived this

Court's earlier determination and Plaintiff's Appeal to the Second Circuit are **DISMISSED** in their

entirety.

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:        June 25, 2007
              Albany, New York


_____
Lawrence E. Kahn
U.S. District Judge